1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  NATURAL FASHIONS, INC.,                No. 2:15-CV-0033-MCE-CMK

12              Plaintiff,

13      vs.                                FINDINGS AND RECOMMENDATIONS

14  BEST OF KASHMIR, et al.,

15              Defendants.

16  _____/

17              Plaintiff, who is proceeding with retained counsel, brings this civil action

18  alleging copyright infringement.  After being properly served (see Docs. 7 and 8), defendants

19  failed to respond to the complaint and their defaults were entered by the Clerk of the Court (see

20  Doc. 11).  Pending before the court are: (1) plaintiff's motion for default judgment (Doc. 14);

21  and (2) defendants' motion to set aside defaults (Doc. 19).

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1

# I.  DEFENDANTS' MOTION TO SET ASIDE DEFAULTS

Under Rule 55(c), the court may set aside entry of default by the Clerk of the Court for good cause shown.  The moving party must meet three requirements in order to prevail: (1) the defendant's culpable conduct did not lead to the default; (2) defendant has a meritorious defense; and (3) setting aside default will not prejudice the plaintiff.  See O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994); see e.g. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (discussing factors in context of motion to set aside default judgment); see also e.g. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) (stating that a default judgment will not be set aside if any one of these requirements is not met).  The factors under Rule 55(c) and Rule 60(b) are the same.  See id.  The court's discretion, however, is particularly broad in the context of a motion to set aside entry of default, as opposed to a motion to set aside default judgment.  See O'Connor, 27 F.3d at 364.

As to the first factor, a defendant is culpable if she had actual or constructive notice of an action but willfully failed to file a response in an effort to hinder the proceedings.  See TCI Group, 244 F.2d at 697.  As to the second factor, the Ninth Circuit has stated that default judgments are disfavored.  See id. at 693.  Additionally, the defaulting party must present specific facts and law showing a meritorious defense to the claims.  See id. at 700.  A mere general denial without facts to support it is insufficient.  See Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969); see also In re Stone, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978).  As to the third factor, prejudice to the plaintiff means more than delay in resolution of the case.  See TCI Group, 244 F.3d at 701.  Generalized assertions that delay will result in loss of evidence are also insufficient to establish the requisite prejudice.  See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000).

/ / /

/ / /

/ / /

1    The three factors are disjunctive.  In other words, if culpable conduct is shown, it

2    is not necessary to consider the remaining factors.  See Alan Neuman Productions, 862 F.2d at

3    1392.  Similarly, if there is no meritorious defense, "then nothing but pointless delay can result

4    from [setting aside the default]."  TCI Group, 244 F.3d at 696.  And, if setting aside the default

5    would result in actual prejudice to the plaintiff, "the interest in finality should prevail."  Id.  Thus,

6    while the defaulting defendant must establish all three factors in her favor, the plaintiff need only

7    prevail on any one factor.

8    **A.    Defendants' Conduct**

9    As to their conduct, defendants cite TCI Group, 244 F.3d at 696, and Meadows v.

10   Dominican Republic, 817 F.2d 517, 522 (9th Cir. 1987), and argue that they were not culpable

11   due to excusable neglect.  According to defendants, a negligent failure to respond to an action

12   satisfies the excusable neglect standard where the defaulting party offers a credible, good faith

13   explanation that negates ". . .any intention to take advantage of the opposing party, interfere with

14   judicial decision-making, or otherwise manipulate the legal process."  TCI Group, 244 F.3d at

15   697-98.  Defendants argue that, in this case, their ". . .conduct was excusable because

16   Defendants' delay was the result of inadvertence and not conscious indifference."  Defendants

17   argue, in essence, they reside in Texas, that they attempted to file a motion to dismiss in response

18   to the complaint, that the motion crossed in the mail with the entry of defaults, and that they

19   "succumbed to the significant inherent logistical disadvantages that accompany such a situation

20   [litigating a case in a different state]."

21   As plaintiff notes, defendants' argument is belied by the docket.  Defendants were

22   properly served on January 20, 2015 (see Docs. 7 and 8), setting the deadline to respond as

23   February 19, 2015.  The Clerk of the Court entered defendants' defaults on February 25, 2015.

24   Defendants' motion to dismiss, dated February 18, 2015, was forwarded to the court under a

25   cover letter dated February 23, 2015.   There is no proof of service indicating when, if ever,

26   defendants' motion to dismiss was served on plaintiff.  The motion was filed on February 27,

3

1    2015 (Doc. 12).  While it may be true that defendants had not received the February 25, 2015,

2    entry of defaults before submitting their motion to dismiss on February 23, 2015, the relevant

3    deadline was not receipt of entry of defaults but was the February 19, 2015, deadline to respond

4    to the complaint.  Because defendants did not forward their motion to dismiss until four days

5    after this deadline had expired, defendants' argument lacks merit.

6           Plaintiff also notes an inconsistency in defendants' motion which undermines

7    defendants' argument.  Specifically, defendants state in the declaration accompanying their

8    motion to set aside defaults that "[u]pon learning that this lawsuit had been filed [on January 20,

9    2015] against Defendant in California, Defendants tried their best and have continued to try his

10   best to find counsel in the area."  Directly contradicting this statement, plaintiff provides a

11   February 24, 2015, email from defendants' attorney Billal Khaleeq, Esq., indicating that

12   defendants have purposefully decided not to engage California counsel on the belief that the

13   matter should be dismissed for lack of personal jurisdiction.

14          Defendants fail to articulate any credible, good faith explanation for the delay in

15   responding to the complaint.  Thus, defendants' culpable conduct led to the defaults.

16   **B.  Meritorious Defense**

17          Next, defendants argue that they have a meritorious defense to the action.

18   Specifically, defendants argue that their materials and designs are sufficiently dissimilar from

19   plaintiff's materials and designs and that their ". . .materials and designs were purchased from

20   overseas suppliers and were in no way copied from or influenced by Plaintiff's designs."

21          As plaintiff correctly notes, defendants bear the burden of presenting specific facts

22   that would constitute a defense, see TCI Group, 244 F.3d at 700, but have presented nothing

23   more than the conclusory statement that their materials and designs are "sufficiently dissimilar."

24   As to defendants' statement that their materials and designs were obtained from overseas

25   suppliers, plaintiff correctly observes that, in addition to a lack of factual support, the statement

26   does not represent a legal defense to copyright infringement.

4

1    Defendants fail to present any facts supporting the existence of a meritorious

2 defense.

3    **C.    Prejudice**

4    As to prejudice, plaintiff argues that setting aside the defaults would result in

5 prejudice from delay in obtaining an injunction to prevent defendants from continuing to present

6 allegedly infringing products at trade shows and the like.  Given defendants' failure to present

7 any facts showing a meritorious defense, any further litigation would serve to only delay

8 plaintiff's ability to obtain an injunction.

9    Finally, plaintiff argues that defendants did not seek to set aside entry of defaults

10 within a reasonable time.  As plaintiff correctly notes, defendants did not even attempt to file

11 their motion to dismiss until <u>after</u> the deadline to respond to the complaint had passed.  Instead,

12 they waited four months until June 23, 2015 – the eve of the hearing on plaintiff's motion for

13 entry of default judgment – to file their motion to set aside entry of defaults.  Defendants offer no

14 explanation for this delay.

15

16    **II.  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

17    Whether to grant or deny default judgment is within the discretion of the court.

18 See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising this discretion, the

19 court considers the following factors:  (1) the possibility of prejudice to the plaintiff if relief is

20 denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in

21 the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material

22 facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring

23 decisions on the merits when reasonably possible.  See Eitel v. McCool, 782 F.2d 1470, 1471-72

24 (9th Cir 1986).  Regarding the last factor, a decisions on the merits is impractical, if not

25 impossible, where defendants refuse to defend.  See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp.

26 2d 1172, 1177 (C.D. Cal. 2002).

1        Where a defendant has failed to respond to the complaint, the court presumes that

2    all well-pleaded factual allegations relating to liability are true.  See Geddes v. United Financial

3    Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Danning v. Lavine, 572 F.2d 1386 (9th

4    Cir. 1978); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per

5    curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282,

6    1288 (C.D. Cal. 2001).  Therefore, when determining liability, a defendant's default functions as

7    an admission of the plaintiff's well-pleaded allegations of fact.  See Panning v. Lavine, 572 F.2d

8    1386 (9th Cir. 1978).  However, the court has the responsibility of determining whether the facts

9    alleged in the complaint state a claim which can support the judgment.  See Danning v. Lavine,

10   572 F.2d 1386, 1388 (9th Cir. 1978).  For this reason, the district court does not abuse its

11   discretion in denying default judgment where the factual allegations as to liability lack merit.

12   See Aldabe, 616 F.2d at 1092-93.

13       While factual allegations concerning liability are deemed admitted upon a

14   defendant's default, the court does not presume that any factual allegations relating to the amount

15   of damages suffered are true.  See Geddes, 559 F.2d at 560.  The court must ensure that the

16   amount of damages awarded is reasonable and demonstrated by the evidence.  See id.  In

17   discharging its responsibilities, the court may conduct such hearings and make such orders as it

18   deems necessary.  See Fed. R. Civ. P. 55(b)(2).  In assessing damages, the court must review the

19   facts of record, requesting more information if necessary, to establish the amount to which

20   plaintiff is lawfully entitled.  See Pope v. United States, 323 U.S. 1 (1944).

21       In this case, the court finds that the complaint fails to establish this court's

22   personal jurisdiction over defendants.  In the complaint, plaintiff alleges:

23           Personal jurisdiction over the Defendants lies in the Eastern
             District of California, Sacramento Division, and venue is proper in the
24           Eastern District of California, Sacramento Division, because Defendants,
             after receiving notice through Plaintiff's September 22, 2014, cease and
25           desist letter of Defendants' infringement of three copyrights held by
             Plaintiff, a company headquartered in Chico, California, in the Eastern
26           District of California, Sacramento Division, willfully and intentionally

1    sold products that infringe on Plaintiff's registered copyrights.

2   Plaintiff further alleges that defendants are a business entity "headquartered in Fort Worth

3   Texas" and individuals who reside in Fort Worth Texas.  As to the specific acts of infringement,

4   plaintiff alleges that it "learned that Defendants were selling clothing products in violation of

5   Plaintiff's copyrights. . . ."  Plaintiff further alleges that, despite the September 22, 2014, cease

6   and desist letter, "Defendants continued to reproduce, adapt, distribute, sell, and advertise by

7   photographs and at trade shows, clothing products embodying Plaintiff's copyrighted works

8   without Plaintiff's authorization. . . ."  Attached to the complaint are color photographs

9   purporting to show plaintiff's copyrighted works being sold by defendants at the Dallas Market

10  Center.

11    Plaintiff has not alleged any facts in the complaint to show that defendants had

12  any contacts with California, let alone the minimum contacts as would allow this court to

13  exercise personal jurisdiction over them.  See International Show Co. v. Washington, 326 U.S.

14  310 (1945).

15    Additionally, the court finds that plaintiff's complaint fails to show infringement.

16  See 17 U.S.C. § 501.  As indicated above, plaintiff attaches to the complaint various photographs

17  purporting to show defendants' infringing products.  These photographs, however, reveal that

18  defendants' products are substantially different from plaintiff's copyrighted works.  Specifically,

19  defendants' products, while somewhat similar, differ in terms of cut, color, and print.  Here,

20  assuming the factual allegations of the complaint are true, and considering the photographs

21  attached to the complaint, the court finds that the complaint simply does not support imposition

22  of a default judgment.

23  / / /

24  / / /

25  / / /

26  / / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Defendants' motion to set aside defaults (Doc. 19) be denied; and

2.      Plaintiff's motion for default judgment (Doc. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  February 24, 2016

                                        Craig M. Kellison
                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE