UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL FASHIONS, INC., | No. 2:15-cv-00033-MCE-CMK |
| Plaintiff, | |
| v. | **ORDER** |
| BEST OF KASHMIR, et al., | |
| Defendants. | |

Plaintiff Natural Fashions, Inc. filed this copyright infringement case alleging that Defendants Best of Kashmir and Shah Nawaz Farash were selling clothing products in violation of Plaintiff's copyrights and infringing upon Plaintiff's copyrighted works. ECF No. 1. Defendants were duly served but failed to respond to the Complaint, and the Clerk of Court entered Defendants' default. ECF No. 11. The Court's docket reflects that Defendants were proceeding pro se at the time.

Plaintiff eventually requested that a default judgment be entered in its favor, while Defendants moved to set aside their defaults. ECF Nos. 14, 19. The magistrate judge assigned to this case pursuant to Local Rule 302 recommended that both Plaintiff's Motion for Default Judgment and Defendants' Motion to Set Aside Entry of Default be denied. ECF No. 23. Only Plaintiff objected to the magistrate judge's findings and recommendations. ECF No. 24. After conducting a de novo review of the case, the

1 undersigned determined that Plaintiffs were entitled to default judgment. ECF No. 25.
2 The Clerk of Court entered judgment for Plaintiff on March 30, 2016. Defendants
3 appealed the Court's Order and Judgment on April 28, 2016.

4      On May 2, 2016, Defendants sought reconsideration of the Court's Order and
5 Judgment in the Motion for Reconsideration presently before the Court. ECF No. 29.
6 Defendants' Motion indicates that Defendant Farash retained Billal Khaleeq of the
7 Khaleeq Law Firm upon being served with the Complaint. Defendant Farash avers that
8 Mr. Khaleeq did nothing on his behalf and ignored his questions and entreaties after he
9 received notice of the entry of judgment. Defendant Farash then consulted another
10 lawyer, who informed him that the Court's docket showed he was representing himself.
11 Given this purported series of events, the Court would ordinarily construe Defendants'
12 Motion for Reconsideration as a Motion for Relief from Judgment under Federal Rule of
13 Civil Procedure 60(b).[1]

14      The Court will not do so here, however, because although Defendants' request for
15 relief from the judgment may have merit, the Court lacks jurisdiction over the instant
16 motion. During the pendency of an appeal, district courts in the Ninth Circuit only retain
17 jurisdiction over "Rule 60(b) motions filed no later than ten (10) days after judgment was
18 entered." Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1065 (9th Cir. 2002). For Rule
19 60(b) motions filed more than ten days after the entry of judgment, the movant "must file
20 a request with the district court seeking an indication whether the court would entertain
21 such a motion. If the party receives such an indication, it may then apply to the Ninth
22 Circuit to remand the case for purposes of the Rule 60(b) motion." U.S. Care, Inc. v.
23 Pioneer Life Ins. Co. of Illinois, 244 F.Supp.2d 1057, 1060 n.6 (C.D. Cal. Nov. 22, 2002)
24 (citing Crateo Inc. v. Intermark, Inc., 536 F.2d 862 (9th Cir. 1976)).

25      Accordingly, the Court construes Defendants' Motion for Reconsideration as the
26 type of request contemplated by Crateo and hereby indicates its willingness to hear a
27 Rule 60(b) motion. Defendants may, but are not required to, apply to the Ninth Circuit to

---

28 [1] All further references to "Rule" are to the Federal Rules of Civil Procedure.

1  remand the case for the purposes of filing a Rule 60(b) motion.  In the event the Ninth
2  Circuit remands the case, Defendants must file their Rule 60(b) motion not later than
3  twenty (20) days after the remand order is filed or the motion will be summarily denied.
4      IT IS SO ORDERED.
5  Dated:  May 19, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE