UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL FASHIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEST OF KASHMIR aka BOK STYLE aka BOK, a business entity form unknown; SHAH NAWAZ FARASH aka SHAH, an individual; SHANU, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:15-cv-00033-MCE-CMK<br><br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Natural Fashions, Inc., a corporation ("Plaintiff"), alleges that Defendants Best of Kashmir, Shah Nawaz Farash, and Shanu (collectively "Defendants") are in violation of this Court's Order and final judgment of permanent injunction in this underlying matter. Presently before the Court is Plaintiff's Motion for Civil Contempt, filed August 12, 2020. ECF No. 42 ("Motion"). Defendants Shanu and Shah Nawaz Farash, acting pro se, filed an opposition to the motion two days after a court-imposed deadline. Opp'n, ECF No. 47; see ECF No. 46 (minute order denying a request for extension); ECF No. 45 (motion to continue). Plaintiff timely filed a reply. Reply, ECF No. 48. For the reasons set forth below, Plaintiff's Motion for Contempt, Sanctions, and Attorney's Fees is GRANTED in part, DEFERRED in part.

# BACKGROUND

Plaintiff initiated this underlying suit on January 6, 2015, claiming that Defendants were infringing copyrights on three of Plaintiff's fabric designs. ECF No. 1. After receiving findings and recommendations from Magistrate Judge Kellison on February 25, 2016 (ECF No. 23), this Court signed an Order adopting the findings and recommendations in part and rejecting them in part. ECF No. 25. Of note, this Court rejected the magistrate judge's finding of a failure to state a claim for copyright infringement, holding that "it is clear that the allegedly infringing prints are similar enough to Plaintiff's copyrights to support Plaintiff's allegations of infringement." ECF No. 25, at 2. This Court ordered judgment in favor of Plaintiff and enjoined Defendants "from selling, advertising, licensing, or using in any way fabric that infringes Copyright Registration Nos. VA-1-827-152, VA-1-856-153, and VA VA-1-827-155." ECF No. 25, at 3.

This Court further ordered Defendants by September 28, 2016, to provide "a complete inventory list of all product in their possession and on order using the copyrighted patterns identified by the foregoing Copyright Registration Numbers," among other details, and to file with this Court a writing as to how Defendants complied with the terms of the Order. ECF No 25, at 3. Plaintiff was "awarded the maximum statutory damages of $35,000 for each of the three infringements . . . plus costs of $685." ECF No. 25, at 3. The Ninth Circuit Court of Appeals affirmed this Court's decision on August 12, 2017. ECF Nos. 40, 41.

On May 31, 2018, Defendants entered chapter 7 bankruptcy proceedings in the Northern District of Texas. See Motion, Exs. 29 and 30. On June 12, 2020, after extensive review of the record, the bankruptcy court found that Defendants were on notice of copyright infringement as early as 2014. Motion, Ex. 30, at 20. The court went on to find that the Defendants' copyright infringement was done in a "willful and malicious" manner, holding the judgment debt non-dischargeable. Motion, Ex. 30, at 27.

**STANDARD**

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citing Anderson v. Dunn, 6 Wheat. 204, 227 (1821)); see also Fed. R. Civ. Proc. 70(e) (contempt power).  In this circuit, "conduct that is 'tantamount to bad faith' is sanctionable." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)).

"This Circuit's rule with regard to contempt has long been whether the defendants have performed 'all reasonable steps within their power to insure compliance' with the court's orders." Stone v. City & Cty. of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), (quoting Sekaquaptewa v. MacDonald, 544 F.2d 396, 404 (9th Cir.1976)); see also CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir. 2016) ("A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner.").  "In a civil contempt action, [t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.  The burden then shifts to the contemnors to demonstrate why they were unable to comply." FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir.1999) (quoting Fed. Trade Comm'n v. Enforma Nat. Prod., Inc., 362 F.3d 1204, 1211 (9th Cir. 2004)) (internal quotations marks omitted) (alteration original).  "Intent is irrelevant to a finding of civil contempt and, therefore, good faith is not a defense." Stone, 968 F.2d at 856.

///
///
///
///

# ANALYSIS

As an initial matter, it is undisputed that Defendants untimely filed their Opposition brief. See Opp'n, ECF No. 47; ECF No. 46 (minute order denying a request for extension); ECF No. 45 (motion to continue). In light of Defendants' pro se status and this Court's preference to resolve matters on the merits, that brief will nonetheless be considered. See Lacayo v. Donahoe, No. 14-CV-04077-JSC, 2015 WL 3866070, at *2 (N.D. Cal. June 22, 2015). On the merits, Defendants' response is unavailing because they simply seek to relitigate copyright infringement matters already decided by this Court and affirmed on appeal. See generally Opp'n. Indeed, Defendants failed to address any other deficiencies, such as why they have not complied with this Court's Order to provide Plaintiff "a complete inventory list," among other details, and to file with this Court a writing as to how Defendants complied with the terms of the Order. Compare Opp'n, with ECF No 25, at 3. Accordingly, as explained below, the Court concludes that Plaintiffs are entitled to relief.

### A.  Contempt

This Court finds the Second Circuit's approach to contempt influential and in accord with this Circuit's precedent, considering a party "in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir. 2016). Here, this Court's March 29, 2016, Order was clear and unambiguous as to instructions to the Defendants. Defendants were enjoined from infringing Plaintiff's copyright. ECF No. 25, at 3. Defendants were instructed to provide Plaintiff an inventory, recall from trade any infringing goods or advertisements, and to file with this Court a writing as to their compliance with these instructions. ECF No. 25. To this Court's knowledge, Defendants have followed none of these unequivocal instructions. See Reply, at 2. As provided in the several declarations offered by Plaintiff, Defendants

continue to willfully flout this Court's injunction by selling infringing products.  See, e.g., Motion, Ex. 9 (Chopra declaration), Ex. 10 (Holland declaration); see also Regents of the Univ. of California v. Aisen, No. 15-CV-1766-BEN (BLM), 2016 WL 4680261, at *3 (S.D. Cal. Sept. 7, 2016) (noting that a "strong case [for contempt] would present declarations from knowledgeable disinterested persons").  This conclusion was further confirmed by the findings of the bankruptcy court.  See Motion, Ex. 30.  In other words, the proof of noncompliance is clear and convincing.

Finally, Defendants have not made a good faith effort to comply with any of the above commands.  As noted above, Defendants simply desire to relitigate matters already decided by multiple federal courts.  See generally Opp'n.

Plaintiff has thus provided clear and convincing evidence that Defendants have violated this Court's Orders.  The burden therefore shifts to Defendants to demonstrate why this Court should not hold them in contempt.  See FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir.1999).  While some courts may here consider an order to show cause, this Court recognizes the futility of such an assignment to Defendants, who already failed in their (late) Opposition to meaningfully address their ongoing, years-long defiance of this Court's injunction.  See generally Opp'n.  Indeed, for all practical purposes, Plaintiff's noticed motion serves the same purpose as an order to show cause, and the Court concludes no additional procedural protections are warranted.

Based on the foregoing, Defendants Best of Kashmir AKA Bok Style AKA Bok; Shah Nawaz Farash AKA Shah; and Shanu are found to be in contempt of court.

**B.    Sanctions**

Plaintiff has recommended sanctions of $300,000 based on willful and malicious infringement of two copyrights ($150,000 each).  Plaintiff determined this amount with citation to 17 U.S.C. § 504(c), which provides a statutory framework for infringement remedies.  Plaintiff also requests attorney's fees in the amount of $24,180, as incurred with the instant motion.  Motion at 12-14.

///

Civil contempt sanctions of the requested sort must be compensatory and remedial, not punitive. "Moreover, a district court acting under its inherent authority to impose compensatory sanctions must apply a 'but-for' causation standard," meaning that the compensation must be limited to harm caused by the sanctionable misconduct. See Am. Unites for Kids v. Rousseau, 985 F.3d 1075, 1089 (9th Cir. 2021). While support either way is limited, at least one district court has held that "a statutory damages provision for copyright infringement is not the proper guide for determining a civil contempt fine." Dula v. Amereon, Ltd., No. 00 CIV. 8156 (RCC), 2004 WL 1586410, at *2 (S.D.N.Y. July 15, 2004) (citing 17 U.S.C. § 504(c)).

Plaintiff requests compensatory payment directly instead of to the Court, so there must be a causal relationship between Plaintiff's loss and the sanction amount. See, e.g., Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir. 1983). Plaintiff may consider Defendants' ill-gained profits and Plaintiff's own lost income. See Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co., 281 F. Supp. 3d 967, 988-89 (C.D. Cal. 2017). The Court is sympathetic to the fact that these numbers may be difficult to calculate with certainty, and such considerations will be factored upon determination of an equitable sanction. See id. The Court does not doubt that Plaintiff has suffered pecuniary loss due to Defendants' ongoing infringement. See, e.g., Motion, Ex. 10 (Holland Declaration), at 1-2 (discussing a customer alerting the retailer that Defendants' infringing products were for sale nearby at a cheaper price). However, the Court rejects the $300,000 figure as arbitrary on its face. See Lavatec Laundry Tech. GmbH v. Voss Laundry Sols., No. 3:13-CV-00056 (SRU), 2018 WL 2426655, at *13 (D. Conn. Jan. 9, 2018) ("I will not allow [the complainant] to reap a windfall of speculative profits that it has not proved."). Therefore, the Court DEFERS a determination of the compensatory sanction amount pending a written declaration by Plaintiff demonstrating an appropriate and equitable damages sum. Such declaration shall be filed not later than thirty (30) days following the date this Memorandum and Order is electronically filed.

///

As to attorney's fees, a district court may order payment of attorney's fees and costs associated with a contempt motion, so long as they are fair and reasonable. See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y, 774 F.3d 935, 958 (9th Cir. 2014); Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1130 n.5 (9th Cir. 2006). Plaintiff here requests $24,180 based on a fair and reasonable calculation provided under penalty of perjury by Plaintiff's counsel. See Motion, Ex. 29. Based on the provided documentation, Defendants are ordered to pay Plaintiff's attorney's fees in the amount of $24,180 within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: April 6, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE